DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Palm Harbor Homes, Inc., appeals the denial of its motion for a stay pending arbitration. We affirm.
 {¶ 2} Palm Harbor's sole assignment of error is that the trial court erred by not staying its proceedings to allow arbitration in accordance with the parties' prior written agreement.
 {¶ 3} In the summer of 2001, Tina and Travis Shasteen began negotiating the purchase of a manufactured home from Palm Harbor. The price changed several times during their negotiations. The first purchase contract, signed on June 21, reflected a total purchase price of $127,642. The second purchase contract, signed on July 7, reflected a total purchase price of $128,948. Then, on July 13 or 16, the Shasteens met with Palm Harbor again. They signed an arbitration agreement, followed by a third purchase contract for $139,547.
 {¶ 4} This appeal concerns whether Palm Harbor obtained the Shasteens' signatures on the arbitration agreement through misrepresentation.
 I. The Brief was Late; the Result is the Same {¶ 5} Before reaching Palm Harbor's assignment of error, we must address the status of the Shasteens' brief. Palm Harbor filed its appellant's brief on November 7, 2003, and the certificate of service indicates that it was served on November 6. Under App.R. 18(A), the Shasteens had twenty days after service of Palm Harbor's brief to file their brief. So the Shasteens' brief should have been filed no later than November 26. But it was not filed until December 5, and no extension was requested. We therefore have the discretion to accept Palm Harbor's statement of the facts and issues as correct, and we may reverse the judgment if Palm Harbor's brief reasonably appears to sustain a reversal.[1] But Palm Harbor's brief does not sustain a reversal.
 II. Misrepresentation and the Arbitration Clause {¶ 6} An arbitration clause is enforceable unless grounds exist at law or equity for the revocation of any contract.[2] And there is a strong public policy in Ohio in favor of arbitration.[3] The arbitration agreement in this case was a stand-alone contract, so we need not distinguish as unenforceable the contract as a whole or the arbitration clause standing alone.[4]
 {¶ 7} The only evidence and testimony in this case came during a hearing on the motion to stay the proceedings in May 2003. The hearing concerned only the effect of the arbitration agreement, not the purchase contracts, which have their own legal issues yet to be resolved below. All the testimony presented, along with Palm Harbor's statement of facts, indicates that the Shasteens signed the arbitration agreement before they signed the third purchase agreement with the price of $139,547.
 {¶ 8} The Shasteens both testified at the hearing that they believed when they signed the arbitration agreement that it related to the July 7 price of $128,948. They both also testified that nobody at Palm Harbor mentioned that the overall price was going to be more than $10,500 over what they had agreed to on July 7. The Shasteens both testified that they would not have signed the arbitration agreement if they had known that Palm Harbor was raising the price.
 {¶ 9} The only testimony that Palm Harbor offered concerned the verification of the purchase contract, arbitration agreement, and receipt of the Shasteens' deposits. Palm Harbor offered no evidence or testimony to rebut the Shasteens' recollection of the events surrounding their signing of the arbitration agreement. Palm Harbor's sole witness even testified that he was not present when any of the relevant documents were signed.
 {¶ 10} In its entry, the trial court concluded that Palm Harbor had engaged in misrepresentation regarding the execution of the arbitration agreement. The court also held that the Shasteens had justifiably relied on Palm Harbor's misrepresentations, and that Palm Harbor had made the misrepresentations with full knowledge to induce the Shasteens into executing the arbitration agreement. We agree.
 {¶ 11} A trial court, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, must stay the trial pending arbitration.[5] But the trial court was not satisfied. Neither are we. The only information that was presented on the record was what was presented at the May 2003 hearing, which shows that the Shasteens signed the arbitration agreement because of Palm Harbor's misrepresentations.
 {¶ 12} The Palm Harbor agent asked the Shasteens to sign the arbitration agreement just prior to showing them the third purchase contract with the increased price. Palm Harbor therefore knew that the July 7 contract price was no longer valid, but it allowed the Shasteens to sign the arbitration agreement under the impression that the July 7 price was still in effect.
 {¶ 13} Had the Shasteens signed the arbitration agreement after they had signed the third purchase contract or before they signed any of the purchase contracts, Palm Harbor would have been entitled to a stay under R.C. 2711.02. But because Palm Harbor intentionally misrepresented the status of its contract with the Shasteens, and because the Shasteens justifiably relied on the fact that the arbitration agreement related to the only purchase contract that was valid when they signed the arbitration agreement, we cannot say that the trial court erred in denying Palm Harbor's motion to stay the proceedings.
 {¶ 14} We therefore overrule Palm Harbor's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion
[1] See App.R. 18(C).
[2] R.C. 2711.01(A).
[3] Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,590 N.E.2d 1242.
[4] See, e.g., ABM Farms v. Woods, 81 Ohio St.3d 498, 1998-Ohio-612,692 N.E.2d 574.
[5] R.C. 2711.02(B).